UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN CROWLEY,<br><br>    Petitioner,<br><br>vs.<br><br>JACK PALMER, *et al.*,<br><br>    Respondents. | 3:07-cv-00568-LRH-VPC<br><br>ORDER |

This action is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by petitioner John Crowley, a Nevada prisoner. Before the Court is respondents' motion to dismiss (docket #9).

**I. Procedural History**

Petitioner was convicted on January 11, 2002, after a jury trial, of sexual assault on a child under the age of fourteen (count I), lewdness with a child under the age of fourteen (count II), sexual assault on a child under the age of sixteen (count III), and two counts of gross lewdness (counts IV and V). Exhibits B, F-J, L.[1] The state district court sentenced petitioner to life imprisonment with the possibility of parole in twenty years for count I, to life in prison with the possibility of parole in ten years for count II, to life imprisonment with the possibility of parole in twenty years for count III, and to twelves months in the county jail for counts IV and V. Exhibits M and N. Counts I and II are to run consecutively to each other. Exhibit M. A judgment of conviction was entered on March 20, 2002. Exhibit N.

---

[1] The exhibits cited in this order in the form "Exhibit ___," are those filed by respondents in support of their motion to dismiss, and are located in the record at docket #9.

Petitioner appealed his sentences, and the Nevada Supreme Court affirmed in part and reversed in part. Exhibits O and S. The Nevada Supreme Court found that the convictions for sexual assault on a child under the age of fourteen and lewdness with a child under the age of fourteen were redundant, and reversed the conviction for lewdness with a child under the age of fourteen. Exhibit S. The court remanded the case for re-sentencing. *Id.* The sentence for the lewdness conviction was stricken in an amended judgment of conviction entered on March 15, 2005. Exhibit T. Petitioner then filed a state habeas corpus petition on March 3, 2006. Exhibit U. After an evidentiary hearing, the trial court denied the petition. Exhibits W and X. On appeal, the Nevada Supreme Court affirmed the lower court's denial of the petition. Exhibit CC.

Petitioner mailed a federal habeas corpus action to this Court on November 20, 2007 (docket #4). Respondents have moved to dismiss the petition, arguing that several claims are unexhausted (docket #9).

**II. Motion to Dismiss**

    **A. Exhaustion of Claims**

A state prisoner must exhaust all available state remedies prior to filing a federal habeas corpus petition. 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509 (1982). The state courts must be given a fair opportunity to act on each claim before those claims are presented in a habeas petition to the federal district court. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999). Furthermore, a claim will remain unexhausted until a petitioner has sought review from the highest available state court through direct appeal or collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court" in order to allow a state court to correct violations of federal rights. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365-66. S*ee also*

*Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999) (stating the "mere similarity between a claim of state and federal error is insufficient to establish exhaustion").

Furthermore, a claim is not exhausted unless a petitioner has fairly presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001) (citing *Bland v. California Dept. of Corrections*, 20 F.3d 1294, 1295 (9th Cir. 1982)), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000) (*en banc*)). Exhaustion is not met if a petitioner presents to the federal court facts or evidence which place the claim in significantly different posture than it was in the state courts, or where different facts are presented to the federal court to support the same theory. *Conrotto v. Newland*, 188 F.3d 512 (9th Cir. 1999); *Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988).

**1. Ground One**

In petitioner's first ground for relief he alleges three separate subclaims. Respondents note that 1(a) and (c) appear to have been exhausted in the state court. However, respondents argue that claim 1(b) is unexhausted. In ground 1(b), petitioner alleges that he was deprived his Sixth Amendment right to the effective assistance of counsel as trial counsel failed to file motions to exclude all prior bad act evidence. The Court agrees with respondents that this claim remains exhausted. The petitioner did not argue on direct appeal or in his state habeas corpus petition that trial counsel failed to move to exclude prior bad act evidence. Exhibits P and U. This claim was not addressed at the evidentiary hearing, nor did the Nevada Supreme Court consider this ground for relief on appeal from the denial of the state habeas petition. Exhibits W, Z and CC. Ground 1(b) is unexhausted. *Picard*, 404 U.S. at 276; *Duncan*, 513 U.S. at 365.

**2. Ground Two**

Petitioner alleges in his second claim that he was deprived of his Fourteenth Amendment Due Process rights when trial counsel failed to move to sever the counts against him for trial purposes. Respondents argue that this claim is unexhausted, as the petitioner did not present the failure to sever the counts as a due process claim in the state court. Respondents' contentions are correct. In his state habeas corpus petition, and in his brief on appeal to the Nevada Supreme Court,

petitioner argued that trial counsel was ineffective for failing to move to sever the counts. Petitioner argued this violated his Sixth Amendment right to counsel. Exhibits U and Z. A claim is not exhausted unless a petitioner presented to the state court not only the same operative facts, but also the same *legal theory* upon which his federal claim is based. *Tamalini*, 249 F.3d at 898; *Kelly v. Small*, 315 F.3d 1063, 1069 (9th Cir. 2003) (citing *Anderson v. Harless*, 459 U.S. 4, 7 (1982)), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007). Petitioner did not include a due process violation in his state habeas proceedings.

The Nevada courts were not alerted to petitioner's Fourteenth Amendment claim. Ground two is unexhausted.

### 3. Ground Four

Petitioner argues in his fourth ground for relief that his Fourteenth Amendment Due Process rights were violated when appellate counsel failed to raise on appeal the issue that the evidence was insufficient to support his convictions due to the fact that the victims' testimony was coerced, that the victims' testimony lacked corroboration, and that there was a lack of physical evidence. Respondents argue that this claim is unexhausted, as the petitioner never raised an independent due process claim in the state habeas corpus proceedings.

Respondents' arguments are correct. At the evidentiary hearing, and on appeal to the Nevada Supreme Court, the petitioner argued that his Sixth Amendment rights to counsel were violated when appellate counsel failed to argue on appeal that there was insufficient evidence to sustain the convictions, due to coerced testimony, lack of corroboration, and lack of physical evidence. Exhibits W and Z. The petitioner did not raise the claim as a violation of due process claim. The Nevada courts were not alerted to petitioner's due process claim, as he did not present the same legal theory upon which his federal claim is based. *Tamalini*, 249 F.3d at 898; *Kelly*, 315 F.3d at 1069. Ground four remains unexhausted.

### 4. Ground Five

In his fifth ground for relief petitioner alleges that his Eighth Amendment right to be free from cruel and unusual punishment was violated when: (1) trial counsel failed to move to sever the charges against him; (2) trial counsel and appellate counsel acted ineffectively; and (3) appellate

4

counsel failed to raise the issue of coerced testimony, lack of corroboration, and lack of physical evidence. Respondents contend that this claim is unexhausted.

Petitioner did not raise any Eighth Amendment claims in his state habeas corpus proceedings. Exhibits U, W, and Z. Petitioner did raise an Eighth Amendment claim in his appeal of his judgment of conviction, but that claim alleged that his consecutive sentences violated cruel and unusual punishment. Exhibit S. Petitioner's fifth ground for relief is unexhausted, as he did not present this legal theory in the state courts. *Tamalini*, 249 F.3d at 898; *Kelly*, 315 F.3d at 1069.

**B. Petitioner's Election**

The Court finds grounds 1(b), 2, 4, and 5 are unexhausted in state court. Consequently, the Court finds the petition in this action to be a "mixed" petition – one containing both claims exhausted in state court and claims not exhausted in state court. Under the circumstances, the Court will require petitioner to make an election. Petitioner must do one of the following: (1) abandon the unexhausted claims, and proceed only on the exhausted claims (grounds 1(a), 1(c) and 3); or (2) move for a stay of this action, pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), so that he may return to state court and exhaust his unexhausted claims.

In *Rhines,* the Supreme Court placed limitations upon the discretion of district courts to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

544 U.S. at 277. In view of *Rhines*, if petitioner wishes to return to state court to exhaust his unexhausted claims, he must make a showing of good cause for his failure to exhaust his claims, and he must show that his claims are not plainly meritless.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (docket #9) is **GRANTED IN PART AND DENIED IN PART**. The court finds that grounds 1(b), 2, 4, and 5 are

1  unexhausted.

2  **IT IS FURTHER ORDERED** that, no later than **February 23, 2009**, petitioner shall do one
3  of the following: (1) file and serve a Notice of Abandonment of Claims, stating that he wishes to
4  abandon grounds 1(b), 2, 4, and 5, and proceed only on grounds 1(a), 1(c) and 3; or (2) file and serve
5  a motion for stay, requesting a stay of this action, and attempting to make the required showing for
6  such a stay, pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), so that he may return to state court
7  and exhaust his unexhausted claims.

8  **IT IS FURTHER ORDERED** that, if petitioner files and serves a motion for stay,
9  respondents shall have **30 days** to respond to such motion, and petitioner shall thereafter have
10 **30 days** to reply.

11 **IT IS FURTHER ORDERED** that, if petitioner files and serves a notice of abandonment of
12 claims, respondents shall have **30 days** to file an answer, responding to grounds 1(a), 1(c) and 3, and
13 petitioner shall thereafter have **30 days** to file a reply.

14 DATED this 29th day of January, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE