# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JOHN CROWLEY,

    Petitioner,

vs.

JACK PALMER, *et al.*,

    Respondents.

3: 07-cv-0568-LRH-VPC

**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. The petition is now before the court for resolution on the merits of the remaining grounds for relief: grounds 1(a), 1(c), and 3.

## PROCEDURAL HISTORY

Following a jury trial in the First Judicial District Court in January 2002, petitioner was convicted of the following: count 1, sexual assault on a child under the age of 14; count 2, lewdness with a child under the age of 14; counts 3 and 4, sexual assault on a child under the age of 16, and counts 5 and 6, open or gross lewdness. Exhibit L. Petitioner was sentenced as follows: count 1, 20 years to life in the Department of Corrections; count 2, 10 years to life; count 3, twenty years to life; counts 4 and 5, 12 months in the Carson City Jail. Counts 1 and 2 were consecutive to one another, with counts 3, 4, and 5 concurrent with count 1. A judgment of conviction setting forth this sentence was filed on March 20, 2002. Exhibit N.

Petitioner filed a timely notice of appeal. Exhibit O. The Nevada Supreme Court affirmed the judgment of conviction, except for reversing the conviction for lewdness with a child under

fourteen as "redundant." Exhibit S. It remanded the case to the district court for resentencing. *Id.* The district court entered an amended judgment of conviction on March 15, 2002. Exhibit T.

Petitioner filed a post-conviction petition for writ of habeas corpus in the trial court on March 3, 2006. Exhibit U. The court denied the petition in a written order dated January 3, 2007. Exhibit X.

Petitioner filed a timely notice of appeal from the denial of his post-conviction petition for writ of habeas corpus. Exhibit Y. The Nevada Supreme Court affirmed the denial of post-conviction relief in an order dated October 16, 2007. Exhibit CC.

This court received petitioner's petition for writ of habeas corpus on November 26, 2007. (Docket #1-1.) On August 7, 2008, respondents filed a motion to dismiss. (Docket #9.) On November 12, 2009, the court entered an order dismissing grounds 1(b), 2, 4, and 5 without prejudice as unexhausted. (Docket #14.) The court ordered that this petition would go forward on grounds 1(a), 1(c), and 3 only, and directed respondents to file a response to those grounds. *Id.* Respondents have filed their answer (docket #15). Petitioner did not file a reply.

**LEGAL STANDARDS**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. *Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. *Williams v.*

*Taylor*, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in *Van Tran v. Lindsey*, 212 F.3d 1143 (9th Cir. 2000)); *Williams v. Taylor*, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Lockyer*, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." *Id*. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, *Barefoot v. Estelle*, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); *Harris v. Nelson*, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. *Brecht v. Abrahamson*, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Purkett v. Elem*, 514 U.S. 765, 115 S.Ct. 1769 (1995); *Thompson v. Keohane*, 516 U.S. 99, 116 S.Ct. 457 (1995); *Langford v. Day*, 110 F.3d 1380, 1388 (9th Cir. 1997).

**DISCUSSION**

Grounds 1(a) and (c)

In ground 1(a), petitioner alleges that he was deprived of his Sixth Amendment right to counsel. Specifically, he claims trial counsel was ineffective for failing to move to sever the counts against him for trial purposes. He claims that he did not receive a fair trial because the matters were tried together, even though they involved totally unrelated victims or acts. He claims that "the counts as joined were prejudicial."

In ground 1(c), petitioner alleges that trial counsel was ineffective for "allowing these two separate incidents to be tried as one." He claims that he was prejudiced by this failure and that the result was an improper joinder of counts that resulted in a guilty verdict. The court agrees with respondents that ground 1(c) is simply a restatement of ground 1(a). The court will therefore consider grounds 1(a) and 1(c) as one claim.

The law governing ineffective assistance of counsel claims is clearly established for the purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d). *Canales v. Roe*, 151 F.3d 1226, 1229 (9th Cir. 1998.) In a petition for writ of habeas corpus alleging ineffective assistance of counsel, the court must consider two factors. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994). First, the petitioner must show that counsel's performance was deficient, requiring a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The petitioner must show that counsel's representation fell below an objective standard of reasonableness, and must identify counsel's alleged acts or omissions that were not the result of reasonable professional judgment considering the circumstances. *Id*. at 688; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995). Judicial scrutiny of counsel's performance is highly deferential. A court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir.1994).

Second, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result ... would have been different," 466 U.S., at 694. Petitioner must show that counsel's errors were so egregious as to deprive defendant of a fair trial, one whose result is reliable. *Strickland*, 466 U.S. at 688. The court must evaluate whether the entire trial was fundamentally unfair or unreliable because of counsel's ineffectiveness. *Id.; Quintero-Barraza*, 78 F.3d at 1345; *United States v. Palomba*, 31 F.3d 1356, 1461 (9th Cir. 1994).

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. *Strickland*, 466 U.S. 668, 697, 104 S.Ct. 2052, 2074 (1984). Since the defendant must affirmatively prove prejudice, any

4

deficiency that does not result in prejudice must necessarily fail. However, there are certain instances which are legally presumed to result in prejudice, e.g., where there has been an actual or constructive denial of the assistance of counsel or where the State has interfered with counsel's assistance. *See Strickland*, 466 U.S. at 692; *United States v. Cronic*, 466 U.S., at 659, and n. 25, 104 S.Ct., at 2046-2047, and n. 25 (1984).

Ineffective assistance of counsel claims are analyzed under the "unreasonable application" prong of *Williams v. Taylor*, 529 U.S. 362 (2000). *Weighall v. Middle*, 215 F.3d 1058, 1062 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [United States Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. The habeas corpus applicant bears the burden to show that the state court applied United States Supreme Court precedent in an objectively unreasonable manner. *Price v. Vincent*, 538 U.S. 634, 640 (2003).

In ruling on this claim of ineffective assistance on petitioner's appeal from the denial of his petition for post-conviction relief, the Nevada Supreme Court held as follows:

> Crowley argues that the district court erred in denying his claim that counsel was ineffective for not seeking a severance of the charges involving L.W. At the evidentiary hearing, counsel explained that he refrained from seeking a severance because he believed such a motion would have been unsuccessful. Specifically, counsel stated that he believed the charges were sufficiently similar and that trying the weaker charges involving L,W. along with the stronger ones respecting J.M. would increase the likelihood of an acquittal on at least some of the charges.
> Noting that it would have granted a severance motion, the district court nonetheless concluded that counsel's performance was not deficient. The district court also stated that even assuming counsel's performance was deficient, Crowley had not shown prejudice because the evidence concerning all the charges was cross-admissible and counsel's reason for not seeking a severance was "not a bad tactical decision." The cross-admissibility of the evidence here is tenuous, [footnote 2] but even so we conclude that relief is not warranted. [Footnote 3.] The district court also found that counsel exercised a sound tactical decision in not moving for a severance. Such decisions are "virtually unchallengeable absent extraordinary circumstances." [Footnote 4.] To establish any prejudicial impact form improper joinder, Crowley must show more than that severance of the charges made acquittal more likely. [Footnote 5.] Crowley's assertion that he would have been acquitted of some of the charges had counsel sought a severance is mere speculation. As discussed below, the record before us shows that sufficient evidence supports each conviction. [Footnote 6.] Even assuming counsel should have moved for severance, we conclude that Crowley has not shown prejudice.
>
> Footnote 2: <u>See</u> <u>Tabish v. State</u>, 119 Nev. 293, 307-08, 72 P.23d 584, 593-94 (2001).

5

> Footnote 3: See Wyatt v. State, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970).
> Footnote 4: Kirksey v. State, 112 Nev. 980, 987, 923 P.2d 1102, 1107 (1996).
> Footnote 5: Marshall v. State, 118 Nev. 642, 56 P.3d 376, 379 (2002).
> Footnote 6: We note that a complete trial transcript was not included in the appendix on appeal and therefore, all the evidence presented at trial is not before us. Crowley bears the burden of providing an adequate record on appeal. See Greene v. State, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980).

Exhibit CC, pp. 46 -47.

The court finds that petitioner has not carried his burden of demonstrating that the Nevada Supreme Court's adjudication of this claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). Indeed, petitioner does not address the Nevada Supreme Court's resolution of the matter. In particular, petitioner does not address the issue of prejudice to support a claim of ineffective assistance of counsel, other than to baldly assert that prejudice occurred. The Nevada Supreme Court's finding of no prejudice is supported by its discussion of the issue of sufficiency of evidence, in which held in part as follows:

> J.M. and L.W. testified with sufficient particularity that Crowley committed the acts with which he was charged. [Footnote 8.] Additionally, members of J.M.'s family testified about J.M.'s demeanor immediately following Crowley's assault and that they observed physical evidence of the assault shortly after it occurred. A mental health professional testified that L.W.'s incorrigibility following Crowley's abuse was consistent was the behavior of a sexually abused child.

Exhibit CC, pp. 47-48. In light of the above, this court finds that petitioner has not shown that the Nevada Supreme court applied the law on ineffective assistance of counsel in an objectively unreasonable manner. The court concludes that this claim presents no basis for habeas corpus relief.

Ground 3

In ground 3, petitioner alleges that he was deprived of his Sixth Amendment right to appellate counsel because appellate counsel failed to raise issues of coerced testimony, lack of corroboration, and lack of physical evidence in connection with a claim of insufficient evidence. On appeal from the denial of petitioner's petition for post-conviction relief, the Nevada Supreme Court rejected petitioner's claim that appellate counsel was ineffective for not challenging the sufficiency of the evidence to support his convictions. After the discussion of the sufficiency of the evidence

1  quoted above, the Nevada Supreme Court concluded, " Based on the record before us, we conclude
2  that a challenge to the sufficiency of the evidence would have been unsuccessful on appeal despite
3  Crowley's unpersuasive claims that the State relied on coerced testimony and the absence of
4  corroborative or physical evidence." Exhibit CC, p. 47-48.  Petitioner provides nothing to this court
5  to support a finding that in reaching this conclusion, the Nevada Supreme court applied the law on
6  ineffective assistance of counsel in an objectively unreasonable manner.  Accordingly, the court
7  finds this claim presents no basis for habeas corpus relief.

8  In order to proceed with an appeal, petitioner must receive a certificate of appealability.  28
9  U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-951
10 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a
11 petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a
12 certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84
13 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's
14 assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).
15 In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues
16 are debatable among jurists of reason; that a court could resolve the issues differently; or that the
17 questions are adequate to deserve encouragement to proceed further.  *Id.*

18 Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section
19 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the
20 order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a
21 notice of appeal and request for certificate of appealability to be filed.  Rule 11(a).  This court has
22 considered the issues raised by petitioner, with respect to whether they satisfy the standard for
23 issuance of a certificate of appealability, and determines that none meet that standard.  The court
24 will therefore deny petitioner a certificate of appealability.
25 ///
26 ///
27 ///
28 ///

7

**IT IS THEREFORE ORDERED** that this petition for writ of habeas corpus is **DENIED.** The Clerk shall enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

DATED this 5th day of November, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE